FILED
2019 AUG 23 AM 9:54
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 19CR00484-PSG |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 18 U.S.C. §§ 1960(a), (b)(1)(B): Operating an Unlicensed Money Transmitting Business; 18 U.S.C. § 1956(a)(3)(B): Laundering of Monetary Instruments; 31 U.S.C. §§ 5318(h), 5322(a): Failure to Maintain an Effective Anti-Money Laundering Program] |
| KUNAL KALRA, aka "Kumar," "shecklemayne," and "coinman," | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about June 1, 2017, in Los Angeles County, within the Central District of California, defendant KUNAL KALRA, also known as "Kumar," "shecklemayne," and "coinman," knowingly and intentionally distributed at least fifty grams, that is, approximately 881.8 grams, of methamphetamine, a Schedule II controlled substance.

## COUNT TWO

[18 U.S.C. §§ 1960(a), (b)(1)(B)]

Beginning in or about May 2015, and continuing until on or about October 12, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant KUNAL KALRA, also known as "Kumar," "shecklemayne," and "coinman," knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely, a virtual currency exchange business, that failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and the regulations thereunder.

## COUNT THREE

[18 U.S.C. § 1956(a)(3)(B)]

On or about June 22, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant KUNAL KALRA, also known as "Kumar," "shecklemayne," and "coinman," with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, the felonious importation, receiving, buying, selling, and otherwise dealing in controlled substances punishable under a law of the United States ("drug trafficking"), knowingly conducted a financial transaction, affecting interstate commerce, involving property represented by an authorized agent of the United States government to be proceeds of specified unlawful activity, that is, drug trafficking, namely, the exchange of 38.55331617 Bitcoin for $98,372.00 in United States dollars, plus fees (Blockchain transaction ID a76ff13ce53c71db174133df664126e20d48743b7f3739c229141f508981917).

COUNT FOUR

[31 U.S.C. §§ 5318(h), 5322(a)]

Beginning in or about May 2015, and continuing until in or about October 12, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant KUNAL KALRA, also known as "Kumar," "shecklemayne," and "coinman," willfully violated the Bank Secrecy Act, Title 31, United States Code, Sections 5318(h) and 5322, and regulations issued thereunder, specifically, Title 31, Code of Federal Regulations, Section 1022.210(a), by failing to develop, implement, and maintain an effective anti-money laundering program for his virtual currency exchange business.

Specifically, defendant KALRA willfully failed to implement and maintain effective policies, procedures, and internal controls for: (1) verifying customer identification, in particular as to customers exchanging in excess of $10,000 in currency in a single day as required by the Bank Secrecy Act; (2) filing Currency Transaction Reports for currency transactions in excess of $10,000, conducted by or on behalf of the same person on the same day; and (3) filing Suspicious Activity Reports for transactions over $2,000 involving funds that defendant knew, suspected, or had reason to suspect that the transaction involved use of the money services business to facilitate criminal activity.

Defendant KALRA took actions designed to prevent the implementation and maintenance of an effective anti-money laundering program, in that he: (1) failed to file currency transaction reports as required for currency transactions exceeding $10,000 that were conducted by or on behalf of the same person on the same day; (2) failed to file suspicious activity reports for transactions over

$2,000 that he knew, suspected, and had reason to suspect that the transaction involved use of his business to facilitate criminal activity, namely, drug trafficking; and (3) operated a kiosk by which customers could conduct suspicious virtual currency transactions and transactions exceeding $10,000 in the same day without providing any form of identification.

NICOLA T. HANNA
United States Attorney

*Scott M. Garringer*
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CAROL A. CHEN
Assistant United States Attorney
Chief, International Narcotics, Money
  Laundering, and Racketeering Section

PUNEET V. KAKKAR
Assistant United States Attorney
Deputy Chief, International Narcotics, Money
  Laundering, and Racketeering Section